UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEANDRA D. BARNARD,

    Plaintiff,                                     CASE NO. 8:21-cv-00846

v.                                               JURY TRIAL DEMANDED

IC SYSTEM, INC.,

    Defendant.

_____/

## COMPLAINT

NOW comes LEANDRA D. BARNARD, ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of IC SYSTEM, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Middle District of Florida and a substantial portion of the events that gave rise to this action occurred within the Middle District of Florida.

### PARTIES

4. Plaintiff is a consumer over 18 years-of-age residing in Pinellas County, Florida, which is within the Middle District of Florida.

5. Defendant is an "accounts receivable company"[1] Defendant maintains its principal place of business at 444 Hwy 96 E, Saint Paul, Minnesota 55127.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. The instant action arises out of Defendant's attempts to collect upon a debt ("subject debt") that Plaintiff allegedly owed to KinderCare in connection with childcare services for her children.

8. The subject arose from a time period where, due to Plaintiff's emergency medical care, she was unable to take her children to KinderCare, yet was billed for the services nonetheless.

9. Sometime after the subject debt purportedly went into default, Defendant began to send Plaintiff collection letters in the mail and reported the subject debt on Plaintiff's TransUnion and Experian credit reports.

10. Rather than just report the subject debt to TransUnion and Experian once, Defendant reported, deleted, and then re-reported the subject debt to TransUnion and Experian at least three times on March 10, 2021, March 14, 2021, and March 24, 2021.

11. Defendant's reporting, deletion, and re-reporting was very distressful to Plaintiff, as she felt harassed by Defendant when receiving alerts of the reporting to her email and cellular phone.

12. Furthermore, Defendant's reporting was adversely effecting Plaintiff's credit score.

---

[1] https://www.icsystem.com/about-ic-system/

13. Defendant's reporting and re-reporting was done in a deceptive matter in order to increase the pressure on Plaintiff to satisfy the subject debt.

14. Defendant's conduct was particularly distressing, harassing, and harmful to Plaintiff, who was trying to purchase a home during Defendant's reporting, deleting, and re-reporting of the subject debt, and was thus forced to deal with the ever-changing landscape of her credit score, in turn frustrating and impeding her efforts to purchase a home.

15. Confused and concerned by the nature of Defendant's conduct, Plaintiff lost time addressing Defendant's deceptive and misleading collection efforts and suffered emotional distress in connection with Defendant's reporting.

16. Plaintiff has suffered concrete harm as a result of Defendant's conduct, including but not limited to expending time addressing and dealing with Defendant's confusing and misleading conduct, emotional distress stemming from the harassment engaged in by Defendant, decreased credit score, and a violation of her state and federally protected interests to be free from harassing and deceptive debt collection practices.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

17. Plaintiff repeats and realleges paragraphs 1 through 16 as though fully set forth herein.

18. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

19. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

20. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

21. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of FDCPA § 1692d**

22. The FDCPA, pursuant to 15 U.S.C. § 1692d, prohibits debt collectors from "engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

23. Defendant violated §1692d through the nature of its harassing, oppressive, and abusive conduct during its reporting and re-reporting of the subject debt. This repeated behavior of systematically reporting, then deleting, then re-reporting the subject debt on Plaintiff's credit reports annoyed Plaintiff to the point where she felt distressed and helpless against Defendant's conduct. The fact Plaintiff was attempting to purchase a home during this time further underscores the extent to which Defendant's conduct would have the natural consequence of harassing Plaintiff.

24. Defendant used such harassing conduct in order to dragoon Plaintiff into making a payment on the subject debt.

    b. **Violations of FDCPA § 1692e**

25. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

26. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

27. Defendant violated §§ 1692e, e(2), and e(10) through continually reporting, deleting, then re-reporting the subject debt on Plaintiff's credit reports in a deceptive matter. Defendant falsely represented that it could harass Plaintiff by reporting the subject debt on her credit reports numerous times in such a short period.

28. Defendant's actions only served to exacerbate the worry and confusion Plaintiff.

### c. Violations of FDCPA § 1692f

29. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

30. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on the subject debt by continuously harassing Plaintiff by reporting the subject debt on her credit reports. Attempting to coerce Plaintiff into payment by reporting the subject debt numerous times, days apart, is unfair and unconscionable behavior. These means employed by Defendant only served to worry and harass Plaintiff.

WHEREFORE, Plaintiff, LEANDRA D. BARNARD, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: April 8, 2021	Respectfully Submitted,

<p style="margin-left: 50%">/s/Alejandro E. Figueroa<br>
Alejandro E. Figueroa, Esq.<br>
Florida Bar No. 1021163<br>
*Counsel for Plaintiff*<br>
Sulaiman Law Group, Ltd<br>
2500 S Highland Ave, Suite 200<br>
Lombard, IL 60148<br>
Telephone: (630) 575-8181 Ext. 120<br>
alejandrof@sulaimanlaw.com</p>